Scott, J.
The defendants in error, Freeman and Zent, were plaintiffs in the court below, and, in their petition, alleged that the plaintiffs and the said Peter Masters, against whom suit was brought, “ during a portion of the year 1857, were partners, doing business in the State of California, as such, which partnership is now dissolved; and while thus doing business as such partners, said Peter Masters collected $2,645, which belonged to said plainiffs and said Peter Masters jointly, as partners, each having an equal interest in the same; and plaintiffs aver that said defendant *301 fraudulently converted and appropriated the same to his own use.. And plaintiffs further say, that $1,763.33 of the aforesaid sum of' money, thus converted and appropriated, belonged to plaintiffs; and that said defendant wholly neglects and refuses to account and pay over to plaintiffs said sum of money last mentioned, or’ any part thereof; and plaintiffs aver that said defendant is indebted to them for said money, converted and appropriated as-aforesaid, in the sum of $1,763.33, which is now due and wholly unpaidand for which, with the interest thereon from the 1st. day of July, 1857, they ask judgment.
*To this petition defendant below answered, denying every material allegation of the petition, except the averment of' partnership during a part of the summer of 1857; but he averred" that the partnership created between the parties was limited, and not general; that it had reference to a single mining claim, on Loss Creek in California, known as S. Meed’s claim, in which he-had purchased an interest of one-fourth ; that the plaintiffs agreed with him to work said claim on his behalf, in conjunction with the other owners; and that they would account for and pay over to him one-third part of the one-fourth of the gross proceeds arising from the working of the claim. He avers that plaintiffs did, accordingly, work said claim, with the other owners, in the summer of 1857, and received, on account of his interest therein, one-fourth of the proceeds or yield thereof, being a large quantity of gold dust, etc., for which he charges that they wholly refuse to account to him, or deliver to him his third part thereof, and he asks for a judgment on this account, against plaintiffs for $4,000.
The averments of this answer having been traversed by a reply, the defendant below, in pursuance of leave previously obtained, filed an amended answer, in which, among other things, he avers- “ that he is not liable for any indebtedness to said plaintiffs jointly, or as partners, in any claim against him; and therefore alleges that there is a misjoinder of parties plaintiff in this action; for-which cause he asks judgment in his favor.”
This ground of defense was, on motion of plaintiffs, ordered by the court to be stricken from the files, and a demurrer to the answer was sustained.
In the progress of the pleadings three other amended answers were successively filed by the defendant, upon leave; to the first, two of which demurrers were sustained.
*302 In each of these answers, the defendant set out a copy of the written contract of partnership between the parties, which he alleged was the only agreement of partnership ever entered into between them ; and after averring that such agreement was void for ambiguity and uncertainty, he denies that he became indebted to the plaintiffs jointly as is in said petition alleged.
*The several averments, by which the defendant sought to make an issue as to the joint character of the claim sued upon by plaintiffs, were, on motion of plaintiffs, ordered to be stricken from each of the answers; and to an order of this kind made in regard to the fourth amended answer, the defendant excepted; and this action of the court is, among many other rulings, assigned for error.
' We do not readily perceive why the defendant below should not have been allowed to aver, and prove that the claim sued upon was not joint in its character, and that, if anything was owing by him to the plaintiffs, on account of partnership transactions, it was owing to them severally, and not jointly.
The cause of action stated in the petition is an alleged indebtedness of the defendant to the plaintiffs jointly; and they have obtained a joint judgment against him; whilst the defendant was not permitted to gainsay the joint character of the claim upon which a recovery has been had.
It is said that the defendant having failed to demur to the petition, thereby waived his right to such a defense.
Perhaps the petition may be fairly construed as alleging that the partnership assets in the hands of the defendant belonged to the partners severally, in equal proportions; and therefore, as showing that one moiety of the claim sued upon, belonged to each of the plaintiffs severally; and perhaps the petition might, therefore, have been demurred to. Rut if so, the demurrer must have been, because the petition did not state facts sufficient to constitute a cause of action in favor of the parties plaintiff; and such defect is not waived by a failure to demur. Code, sec. 89.
A cause of action in favor of each, or either of two plaintiffs, is no cause of action in favor of both. We think the court below erred in requiring the defendant to strike from his answer this .ground of defense.
And as this error may have prejudiced the defendant, by ex- *303 eluding all matters of set-off against the plaintiffs severally, it is sufficient ground for reversal of the judgment.
The cause was finally submitted, in the court below, to a jury (called upon the demand of the plaintiffs), upon various issues raised by thq fifth amended answer, and the reply ^thereto. The verdict and judgment were for the'plaintiffs for $1,736.
This answer, among other matters of defense and counter-claim, alleged, in substance, that the affairs of the said partnership agreed upon by the parties remain wholly unsettled; that the most of the mining claims and other property of the partnership are undisposed of, and the mutual accounts of the parties unadjusted, and that plaintiffs have no foundation in equity for the claim asserted against him in their petition.
The record shows that evidence was offered on the trial, by the defendant, strongly tending to maintain these averments, and to show that, from the date of the contract of partnership till its dissolution, the plaintiffs were working at one of the partnership mining claims, and the defendant at another; and that neither during all this time, nor afterwards until this suit was brought, was any settlement made, or attempted to be .made, by and between the partners, touching any part of the partnership business, or the work done, expenses incurred, or proceeds realized by the partners, or either of them, from their respective transactions under the partnership.
Indeed, all this is shown by the evidence of the plaintiff Zent himself; and it is difficult to resist the impression that the plaintiffs have misconceived their appropriate remedy, and have sought a judgment as upon an action at law, when they should have sought an account and settlement of the partnership business in equity.
By giving to their action its present form, they have compelled the defendant to submit to a trial, by jury, of issues which would otherwise have been for the decision of the court alone, from whose decision he might have appealed to the district court. But, as the evidence is not all before us, the judgment can not be reversed on the ground that the evidence presented a case cognizable only in equity.
But it is further shown by the record, that the court, after charging the jury, and before they retired, was asked by the defendant to instruct the jury “ that the plaintiffs could not recover, or be *304 entitled to a verdict in their favor, unless the evidence satisfied them that the plaintiffs were entitled jointly *to the claim asserted by them against the defendant, and that if the evidence was sufficient to satisfy the- jury that the claim arose out of a partnership between plaintiffs and defendant, in which they were equal partners, and that the partnership was ended, and its affairs closed, and that the claim against defendant consisted of money arising out of the partnership affairs, which the defendant had unlawfully-retained and appropriated to his own use, then the right of each of the plaintiffs to his distributive proportion of said money would be several, and could not be recovered under the issue in this cause-jointly.” This instruction the court refused to give, and the defendant excepted.
In this we think the court erred, and that the defendant was entitled to the substance of the charge asked. If the plaintiffs were seeking to have an account taken respecting an unsettled partnership business, and to have a final settlement of their mutual partnership accounts, which were wholly unadjusted, their remedy was in equity, and the case was one in which neither party had a right to atrial by jury; but if the plaintiffs were seeking to recover, as at law, the several shares due to each of them of the partnership money remaining in the hands of the defendant upon a final settlement of the partnership business, and in respect to-which assumpsit would have been the proper form of action, before the adoption of the code, then their cause of action was clearly several, and not joint.
It may be proper to notice another ground of error, upon which the plaintiff here relies with apparent confidence.
The alleged contract of partnership between the parties to the-suit was in writing, and of the following tenor:
“April 27,1857
“ St Louis District Cedar Grove
“ Know all men by these presence we the undersigners have this day united in company in mining clames one half interest in the McCrurry company situate at cedar Grove said clame is to be paid according to agreement made by Peter Masters the sum of $3000, also clames situate at St Louis known as Shafers clames, also clames on Loss creek known *as the Meades & Co clames also three clames situate in Valley creek known as the Mock clames bought by J. W. Zent and F. M. Freeman said clames must. *305 be paid by the buyers, out of their own money all above is one company, and worked equally.
“ This company known as the Ohio Company
“Francis M. Freeman
“Peter H Masters
“Isaac Zent”
The court below was asked by the plaintiff in error, upon the trial, to instruct the jury that this contract of partnership was void for uncertainty and ambiguity, and did not express the actual intention and true understanding and agreement of the parties. The court refused so to instruct the jury.
The plaintiff in error also asked the court to give certain specified constructions to various portions, and to the whole of the contract, which the court refused, and instructed the jury that it was to be construed and understood otherwise; to all of which defendant below excepted.
It must be conceded that this instrument is so unskillfully drawn that without further light than its language alone would furnish, its. meaning is left, in various respects, obscure and doubtful. It would be difficult, at least, to understand with certainty from the mere words of the contract, the intention of the contracting parties. But contracts may always be read in the light of surrounding circumstances. These circumstances may be shown by parol, and may give a clear meaning to language which would otherwise be of doubtful import, or liable to a different construction. In the present ease the record does not purport to exhibit all the evidence offered in the court below; and, therefore, without stating in detail the various instructions asked for and refused by the court, in regard to the proper construction of this agreement, and the construction actually given to its several parts by the court, it will be sufficient to say that the light properly furnished by the evidence may have rendered its meaning reasonably certain; and that the construction given to it was not, as we think, so far inconsistent with its terms as to be clearly erroneous.
*The judgment of the court of common pleas will be reversed, and the cause remanded to that court for further proceedings.
Day, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.